IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTH RIVER INSURANCE COMPANY,<br><br>             Plaintiff,<br><br>     vs.<br><br>LEFFINGWELL AG SALES CO., INC. et al.,<br><br>             Defendants.<br>_____/ | CASE NO. CV-F-10-2007 LJO MJS<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS** (Doc. 8) |

Defendant Leffingwell Ag Sales, Co., Inc. ("Leffingwell") moves to dismiss plaintiff North River Insurance Company's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), or in the alternative, to stay the action in light of a currently pending action in Tulare County. Plaintiff North River Insurance Company ("North River") filed an opposition to the motion on January 14, 2011. Defendant Leffingwell filed a reply on January 24, 2011. Pursuant to Local Rule 230(g), this matter is submitted on the pleadings without oral argument and the hearing vacated. Having considered the moving, opposition, and reply papers, as well as the Court's file, the Court issues the following order.

**FACTUAL BACKGROUND**

This is a diversity action involving insurance coverage. North River issued a commercial general liability ("CGL") policy for the policy period March 1, 2008 to March 1, 2009. North River seeks a declaration that it has no duty to defend, settle or indemnify claims asserted against Leffingwell

1

in an action pending in Tulare County Superior Court, entitled *LoBue Farms, Inc. v. BASF, Corporation* ("Underlying Action").[1] In the Underlying Action, plaintiffs LoBue Farms sued Leffingwell, among others, for damage to plaintiffs' orange crop from a herbicide. Plaintiffs in the Underlying Action allege that they consulted with and relied upon Leffingwell, and the manufacturer BASF, to identify and recommend a suitable herbicide and when the herbicide was applied, it damaged the trees for a loss in excess of $500,000. (Doc. 21, Complaint in Underlying Action ¶¶9-11.) The Underlying Action alleges negligence, breach of implied warranty, strict liability and misrepresentation. North River is defending Leffingwell in the Underlying Action pursuant to a reservation of rights.

In this case, North River alleges that no potential or actual insurance coverage exists for the claims against Leffingwell in the Underlying Action. North River alleges that the claims come within the exclusion for "Testing or Consulting Error and Omissions" and under the exclusion for "Designated Professional Services." North Rivers seeks a judicial declaration that no potential or actual insurance coverage exists for the claims against Leffingwell on the underlying action. North River also seeks reimbursement of the attorneys fees and costs it has incurred in defending the Underlying Action. North River contends that its insurance policy provides a "Consulting Exclusion." The Consulting Exclusion provides that insurance does not apply to property damage "arising out of an error, omission, defect or deficiency in any test performed, or an evaluation, a consultation or advice given by or on behalf of any insured," or "the reporting of or reliance upon any such test, evaluation, consultation or advice." (Doc. 19, Opposition p.2, 8-9.) In the action before this Court, North River seeks a declaration that it has no duty to defend or indemnify Leffingwell and seeks reimbursement of the defense fees and costs expended to date.

## ANALYSIS AND DISCUSSION

**A.   Fed. R. Civ. P. 12(b)(1) Standards of Review**

Leffingwell contends that this Court lacks jurisdiction over North River's claims pursuant to Fed. R. Civ. P. 12(b)(1). In considering a motion to dismiss for lack of subject matter jurisdiction, the plaintiff, as the party seeking to invoke the court's jurisdiction, always bears the burden of establishing

---

[1] La Bue Farms, Inc, the plaintiff in the Underlying Action, joins in Leffingwell's motion to dismiss. Lo Bue Farms is not a party to the action before this Court.

2

subject matter jurisdiction. *Tosco Corp. v. Communities for Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001). The court presumes a lack of subject matter jurisdiction until the plaintiff proves otherwise. *See Kokkonen v. Guardian Life Ins. Co. of America*, 114 S.Ct. 1673, 1675 (1994).

The court must also consider whether the motion to dismiss is "facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." *Savage v. Glendale Union High School*, 343 F. 3d 1036, 1039-40 n.2 (9th Cir. 2003); *see also, White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In the facial attack, a party challenges subject matter jurisdiction by asserting that the allegations in the complaint are insufficient on their face to invoke federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In this case, the court must consider the allegations of the complaint as true. *See Thornhill Publishing Company, Inc. v. General Telephone & Electronics Corp.,* 594 F.2d 730 (9th Cir. 1979). In a factual challenge, the truth of the allegations, which would otherwise invoke subject matter jurisdiction, is challenged. In this circumstance, this Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988).

**B.     Failure to State a Claim**

Leffingwell also seeks to dismiss the complaint for failure to state a claim.

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the pleadings set forth in the complaint. A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations of the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, - U.S.

3

-, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557). A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir.2003) (citation omitted). "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.2d 962, 969 (9th Cir.2009).

**C.  Declaratory Judgment**

    **1.  Declaratory Judgment for Insurance Coverage**

The Declaratory Judgment Act authorizes federal courts to grant relief in a "case of actual controversy." 28 U.S.C. § 2201(a). As long as the parties' dispute is of sufficient "immediacy and reality" to constitute a "controversy" in the constitutional sense, the exercise of federal judicial power is specifically authorized under the Declaratory Judgment Act. 28 U.S.C. § 2201. *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240, 57 S.Ct. 461 494 (1937). The party seeking declaratory relief must show: an actual controversy regarding a matter within federal court subject matter jurisdiction. *See* 28 U.S.C. § 2201; *Calderon v. Ashmus*, 523 U.S. 740, 745, 118 S.Ct. 1694, 1698 (1998).

Here, the parties dispute whether insurance coverage is provided for the injuries alleged in the Underlying Action. A common use of declaratory relief is in insurance coverage cases such as actions between insurers and insureds to determine rights and obligations under an insurance policy. *United States v. Transport Indem. Co.*, 544 F.2d 393 (9th Cir. 1976). A liability insurer that denies coverage for a third party's claim against its insured may seek declaratory relief that it is not obligated (a) to defend or (b) to indemnify its insured against the third party claim in question. *American States Ins. Co. v. Kearns*, 15 F.3d 142, 144–145 (9th Cir. 1994). North River seeks a declaration that it has no duty to defend or indemnify Leffingwell in the Underlying Action. This dispute over insurance coverage

provides a sufficient basis for an "actual controversy." Thus, a controversy exists between the parties.

**2.   Subject Matter Jurisdiction over the Declaratory Relief Action**

Before declaratory relief can be granted, federal subject matter jurisdiction requirements also must be satisfied. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S.Ct. 876, 879 (1950); *see also Vaden v. Discover Bank*, - U.S. -, 129 S.Ct. 1262, 1278, fn. 19 (2009). Where diversity jurisdiction exists, the district court has discretion to hear a declaratory judgment action. *Avemco Ins. Co. v. Davenport*, 140 F.3d 839, 842, fn. 1 (9th Cir. 1998).

Here, diversity jurisdiction exists between North River and Leffingwell. North River is alleged to be a New Jersey corporation with its principle place of business in New Jersey. Leffingwell is alleged to be a resident of California. North River alleges that the amount of potential liability exceeds $500,000. Thus, diversity jurisdiction and the amount in controversy are satisfied. Indeed, Leffingwell does not argue there is a lack of diversity.

North River has satisfied the requirements for stating a claim for declaratory relief. North River alleges an actual controversy exists over insurance coverage. The Court has diversity jurisdiction over the subject matter of the controversy. Thus, North River has adequately stated a claim for declaratory relief. The motion to dismiss pursuant to Rule 12(b)(6) is denied.

**D.   Discretionary or Mandatory Nature of Jurisdiction over Declaratory Relief**

Leffingwell argues that this Court should exercise its discretion and refuse to entertain the action. Leffingwell argues that state law will govern the interpretation of the policy. Leffingwell contends that this case involves only state law claims and that as such, the court should decline jurisdiction. In addition, Leffingwell argues that federal courts should be reluctant to decide factual issues which are currently at issue in a state court proceeding. In the alternative, Leffingwell asks the Court to stay the declaratory relief action until the resolution of the state court proceeding.

North River argues that this Court has mandatory jurisdiction over this case because North River asserts a claim for reimbursement. North River's complaint contains a claim for reimbursement of legal fees and costs expended in the Underlying Action. Alternatively, North River argues that if mandatory jurisdiction is not found, then the court should exercise its discretion and assume jurisdiction and the action should not be stayed.

### 1. Discretionary Jurisdiction

In a typical declaratory relief action, the court has discretion to decline jurisdiction. Even when subject matter jurisdiction exists, the district court may, in the exercise of its discretion, decline to entertain the action. Where diversity jurisdiction exists, the district court has discretion to hear a declaratory judgment action. *Government Employees Ins. Co. v Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) (noting that the Declaratory Judgment Act is "deliberately cast in terms of permissive, rather than mandatory, authority.") A declaratory relief action may be entertained when "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Eureka Federal Sav. and Loan Ass'n v. American Cas. Co. of Reading, Pa.,* 873 F.2d 229, 231 (9th Cir. 1989).

Here, the Court need not decide whether to exercise its discretion and retain jurisdiction of this action. As explained below, the Court has mandatory jurisdiction.

### 2. Mandatory Jurisdiction for the Reimbursement Claim

In *United National Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102, 1113 (9th Cir. 2001) ("*United National*"), the Ninth Circuit held that the district court has mandatory jurisdiction over a claim by an insurance company which "seek[s] reimbursement for certain defense costs already expended in underlying litigation." *Id.* In *United National,* an insured was sued in an underlying action in state court. *Id.* at 1106. The insurance company agreed to defend the insured, but reserved the right of reimbursement for the costs of defending. *Id.* The insurance company then sued its insured in federal court, seeking a declaration of its obligations to defend and indemnify, and for reimbursement of costs already expended. *Id.* The district court refused to exercise jurisdiction over the declaratory relief action. On appeal, the Ninth Circuit reversed and held that an insurer's claim for reimbursement was an "independent" claim which triggered mandatory federal jurisdiction. *United National*, 242 F.3d at 1115. "[W]hen other claims are joined with an action for declaratory relief (e.g., bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief." *United National*, 242 F.3d at 1112, citing *Dizol*, 133 F.3d at 1225. The Ninth Circuit held that the insurer's

reimbursement claim was separate from its declaratory judgment claim because the reimbursement claim could stand on its own in federal court, and need not be joined with a claim for declaratory relief. *Id.* at 1114. Reimbursement "is implied in law as quasi-contractual" regardless of whether it is "implied in fact in the policy as contractual." *United National*, 242 F.3d at 1113 (quoting *Buss v. Superior Court*, 16 Cal.4th 35, 65 Cal.Rptr.2d 366 (1997)). The court held that the reimbursement claim triggered mandatory jurisdiction because such claims are founded on the equitable doctrine of restitution, which are not predicated on a favorable disposition of a claim for declaratory judgment. *Id.* at 1113-14. *Accord Liberty Surplus Ins. Corp. v. IMR Contractors Corp.*, 2009 WL 1010842, 3 (N.D.Cal. 2009) (reimbursement claim presents an independent basis for federal court jurisdiction and the court may not decline to retain jurisdiction over the declaratory judgment action). Where the Court has an independent basis for federal diversity jurisdiction, the district court has a "virtually unflagging" obligation to exercise jurisdiction over these claims. *Dizol*, 133 F.3d at 1225, fn. 6; *see also Liberty Surplus Ins. Corp. v. IMR Contractors Corp.*, 2009 WL 1010842 (N.D.Cal. 2009) (court may not decline to retain jurisdiction over a declaratory relief action which contains a claim for reimbursement of defense costs, citing *United National*).

*United National* is controlling in this case. North River's reimbursement claim invokes this Court's mandatory jurisdiction. North River asserts a claim for reimbursement of legal fees incurred in defending Leffingwell in the Underlying Action. The prayer seeks an order that North River is "entitled to recover from [Leffingwell] legal fees and costs and other expenses incurred by North River pursuant to the North River Policy for the defense of [Leffingwell] in the Action." (Doc. 1, Complaint.) Accordingly, North River asserts a reimbursement claim which invokes this Court's mandatory jurisdiction. Because this Court finds that it has mandatory jurisdiction, the motion to dismiss for lack of subject matter jurisdiction is denied.[2]

E.   **Request for a Stay**

Leffingwell requests that this Court stay this declaratory relief action pending resolution of the Underlying Action. Leffingwell argues that "resolution of the issues before this court turns on factual

---

[2] North River raised the "mandatory jurisdiction" argument in its opposition. In its reply, Leffingwell did not address the mandatory nature of this Court's jurisdiction under *United National.*

questions that are intertwined with issues in the underlying actions." (Doc. 8, P&A p.12.) Leffingwell does not specifically identify the "factual questions," but presumably the questions involve whether Leffingwell gave the recommendation on the use of the herbicide. Leffingwell argues that there is potential for coverage because the manufacturer is joined in the Underlying Action and where a defect in the insured's product causes physical injury to the property of another, there is coverage under a CGL policy. (Doc. 8, P&A p.1.)

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163 (1936). "The exertion of this power calls for the exercise of sound discretion." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.1962). Accordingly, it is within this Court's discretion to determine whether a stay is warranted. The competing interests that a district court must weigh in deciding whether to grant a stay include: (1) "possible damage which may result from granting a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (citing *Landis*, 299 U.S. at 254-55); accord *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (the balance of hardships between the parties, or the prospect of narrowing the factual and legal issues in the other proceeding may justify a stay).[3] A stay may be the most efficient and fairest course when there are "independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir.1979), *cert. denied*, 444 U.S. 827 (1979). A district court's decision to grant or deny a *Landis* stay is a matter of discretion. *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). The party proposing the stay bears the burden of proving the such a discretionary stay is warranted. *See Clinton v. Jones*, 520 U.S. 681, 708, 117 S.Ct. 1636 (1997).

---

[3] North River argues the state standards for determining whether a stay should be imposed, citing *Great American Insurance v. Superior Court*, 178 Cal.App.4th 221 (2009) and *Montrose Chem. Corp. v. Superior Court*, 6 Cal.4th 289 (1993). Procedural issues, however, are governed by federal law. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822 (1938). Nonetheless, the state standards are similar to federal standards.

8

### 1. *Landis* Stay - Damage to North River from Granting a Stay

North River argues that it is presently defending the Underlying Action under a reservation of right and will be prejudiced if a stay is imposed because it is incurring costs and defending that action. (Doc. 19, Opposition p.23-24.)

If this action is stayed, North River will likely continue to defend the Underlying Action under the reservation of rights. The injury suffered by North River will be the continued defense of the Underlying Action. But, "defending a suit without more does not constitute a clear case of a hardship or inequity within the meaning of *Landis*." *See Lockyer,* 398 F.3d at 1112. Further, a delay in recovering potential monetary damages is not sufficient harm. *See CMAX, Inc.*, 300 F.2d at 268-69. Any damage to North River is minimal because North River may recover monetary damages at a later date, if appropriate.

### 2. *Landis* Stay - Harm to Leffingwell from Going Forward with Declaratory Relief

Leffingwell argues that it will be harmed from being compelled to defend a two-front war - fighting the litigation in the state court action, while also battling with its insurance company as to whether the policy provides coverage.

The same comment as in the prior *Landis* factor can be said: "defending a suit without more does not constitute a clear case of hardship or inequity within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112. "[A party seeking] a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Lockyer*, 398 F.3d at 1109

Thus, the Court finds that neither of the first two *Landis* factors weighs for granting a stay. The balance of hardships for North River and for Leffingwell does not weigh in favor of granting a stay.

### 3. *Landis* Stay - Orderly Administration of Justice

A stay is the "preferable course" where there are pending state proceedings. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 n. 2, 115 S.Ct. 2137 (1995). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Levya*, 593 F.2d at 863.

Leffingwell argues North River's declaratory judgment action is predicated upon the same factual allegations as in the Underlying Action. The "resolution of the issues before this court turns on factual questions that are intertwined with issues in the underlying actions." (Doc. 8, P&A p.12.) Leffingwell argues that in the Underlying Action, Leffingwell has expressly denied that it made any recommendation for the application of the involved product. (Doc. 8, PA& p. 3.) Leffingwell admits that it sold the product but denies that it made any recommendation for its use.[4]

North River argues that there is no potential of factual overlap between the liability issues in the Underlying Action and the current action. (Doc. 19, Opposition p.21-23.) North River argues that the herbicide which caused damage to LoBue Farms' orange trees and the coverage issues are different in the two actions. North River argues that the Underlying Action concerns causation issues regarding whether the herbicide proximately caused damage to the orange trees, and the Coverage Action only concerns whether the particular claims that have been alleged in the FAC come within the Consulting and Professional Services Exclusions. North River notes it is not a party to the Underlying Action and the policy is not a subject of the Underlying Action.

Here, the orderly administration of justice warrants a stay of this case. First, this Court is overburdened with in excess of 1,300 cases per authorized District Judge, with each addressing significant and important legal issues and facts as exist in the current case. This vast caseload threatens the very nature of the administration of justice warranted by the Federal Court system. "We recognize the importance of the district court having the ability to control its own docket, particularly in this time of scarce judicial resources and crowded dockets." *See Lockyer,* 398 F.3d at 1112 (but case management alone is not necessarily a sufficient ground to stay proceedings). Thus, this Court's case load and management of its docket alone warrant a stay of this action.

Significantly, the administration of justice will benefit from the resolution of overlapping factual issues. At heart of the dispute between Leffingwell and North River is Leffingwell's "recommendation" for the use of the herbicide. Leffingwell denies it gave a recommendation. In the

---

[4] Leffingwell argues that it could not have given any recommendation because it is not a Pest Control Advisor under the Pesticide Regulation (Food and Ag Code §12001). (Doc. 8, P&A p. 6-8.)

Underlying Action, Leffingwell has also denied giving the recommendation. The Court finds that a central issue in the Underlying Action is whether the recommendation was given. The Underlying Action involves claims for negligence in the representations of product or the labeling of the product. Thus, whether the recommendation was given is a central issue. If it is factually determined in the Underlying Action that Leffingwell did not give the recommendation, yet it remains liable for the injury to the orange crop, arguably, the policy exclusion would be inapplicable. While the Underlying Action is not identical to the current action, the Underlying Action will make factual determinations upon which coverage may hinge. The issue of whether Leffingwell made the "recommendation" for the herbicide is identical in both the Underlying Action and this current action.

Further, a grant of the stay is likely to be of a short duration. In *Levya*, the court stated that a "stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time." *Levya*, 593 F.2d at 864; *Dependable Highway*, 498 F.3d at 1067 (general policy favoring stays of short, or at least reasonable duration). Here, Leffingwell presents evidence that the trial in the Underlying Action is scheduled for July 2011. (Doc. 25, O'Rourke Decl. ¶3; Doc.27, Zamora Decl.) A six month delay in the resolution of this case is a fairly short duration.

Thus, a weighing of the competing interests and consideration of all three factors indicate that a stay is appropriate. The balance of hardships between the parties, and the prospect of narrowing the factual and legal issues in the other proceeding justifies a stay. The result of a stay in this case will contribute to and simplify the decision of this Court as to the ultimate issues in this case. All of plaintiffs' other arguments regarding the motion to stay have been considered and found unpersuasive.

/////
/////
/////
/////
/////
/////

**ORDER**

For the foregoing reasons, the Court orders as follows:

1. Defendant's Motion to Dismiss pursuant to Rule12(b)(1) is DENIED.
2. Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) is DENIED.
3. Defendant's request for a stay is GRANTED.  This Action is STAYED pending the resolution of the underlying state court action.
4. The parties shall file a joint status report addressing the status of the state court trial within 20 days after the initially set state court trial date.

IT IS SO ORDERED.

Dated:   **January 27, 2011**                    /s/ Lawrence J. O'Neill
                                                UNITED STATES DISTRICT JUDGE